## BARELLI & Co. *v.* LYTLE & HUNTINGTON.

On a previous trial, this case was remanded because the Court had erred in admitting in evidence a commission taken by a magistrate of the State of Texas, whose official capacity was not properly certified. Subsequently, the commissions and documents were withdrawn and a new certificate as to the magistrate's capacity, in proper form, was obtained and appended. *Held :* That for all the purposes of this inquiry, the commission and documents might be considered as not having been removed.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.

On the trial of this cause, "Plaintiffs offered in evidence all the evidence given by them on the former trial, together with a certificate of the Governor of

the State of Texas, as to the official capacity of *J. R. Baker*, Justice of the Peace."

Objection was made to the admissibility of the testimony of *J. T. O'Reilly*, which being overruled, the following bill of exceptions was taken by the defendants:

## "BILL OF EXCEPTIONS.

"Be it remembered, that on the trial of this case, plaintiff offered in evidence the testimony of *J. T. O'Reilly*, taken under a certain commission, under an order of this Honorable Court, dated 28th day of February, 1848, to the reception of which in evidence, *B. W. Huntington*, by his counsel, objected, on the grounds following, to wit:

1st. That the return of said commission is not properly authenticated, for the reasons set forth in the Bill of Exceptions taken by the defendant on the former trial of this cause, dated the 19th of January, 1849, and which reasons are sustained by the opinion and decree of the Hon. the Supreme Court. This said decree of the Supreme Court determines said testimony to be illegal, and the same ought therefore to be rejected;

2d. That there is no order of Court directing any new commission to any Judge, Justice of the Peace, or other commissioner in the State of Texas, subsequent to that ordered on the 28th February, 1848, and that the return of a commission which has been decreed to be inadmissible in evidence, as not being properly authenticated, in order to have its defects supplied by a new authentication, is not good evidence in law, when, as in the present case, there has been no new order directing another, or the same commission to issue, and when the same commission has never left the files of the Court; and when there has been no service of the interrogatories made upon the defendant, or other opportunity given him to cross such interrogatories; that the return to the commission now offered in evidence, has been pronounced illegal testimony, and is *res judicata;* and that if plaintiffs desired to take *O'Reilly's* testimony, they should have issued a new commission, and cannot supply the defects of the first by simply obtaining a certificate such as that offered in evidence on the 1st of May, 1851, without any order of Court authorizing an application for the same, and by a proceeding *ex parte* and *in pais.*

3. That said commission ought not to be received in evidence for the reasons set forth in the Bill of Exceptions, dated 17th January, 1849, and which reasons are now again urged as objections thereto.

But the Court overruled the objections," etc.

*Josephs*, for plaintiff.    *W. D. Hennen*, for defendant and appellant.

EUSTIS, C. J. This appeal is taken from a judgment of the Court of the Fifth District of New Orleans, by which the defendant, *Huntington*, is condemned to pay the plaintiffs the sum of one thousand and twenty-five dollars with interest.

This case was before this Court in November, 1849, on an appeal of the defendant, and was remanded for a new trial on a bill of exceptions taken by him to the admission in evidence of a commission taken in the State of Texas, on the ground that the certificate of the Governor under the seal of State, did not establish the official capacity of the magistrate executing the commission at the time of its execution, the terms of the certificate relating to his capacity at the time of its being granted and not to an anterior period. 4th Annual Rep. 557.

It seems that the commission and documents were withdrawn by the plaintiff's attorney, and have been returned with a new certificate, under the great seal of Texas, certifying that *John R. Baker*, before whom the deposition purports to have been taken, was a Justice of the Peace at the time of the execution of the commission, to wit: on the 5th June, 1848.

We think it is an answer to the objections taken by the counsel, founded on the irregularity of the removal of the commission and documents from the files, that for all the purposes of this enquiry, they may be considered as having remained there and not been removed.

BARELLI
   *v.*
LYTLE & HUNTINGTON.

The new certificate of the Governor establishes the official capacity of the magistrate; it certifies that *John R. Baker* was a duly authorized Justice of the Peace in and for the county of Calhoun, State of Texas, at the time of the execution of the commission. *Baker*, the commissioner, executes the commission in that capacity and so signs himself in a return. His signature is not drawn in question in the bill of exceptions. This is a sufficient authentication of the official capacity of the magistrate, under the authority of *Thacker* v. *Goff*, 13 Louisiana Rep. 362.

The judgment of the District Court is, therefore, affirmed with costs.